WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Brandon M. Walsh,

Plaintiff,

v.

Federal National Mortgage Association,

Defendant.

No. CV-15-00761-PHX-JJT

**ORDER**

At issue is Plaintiff's Motion to Alter or Amend the Judgment (Docs. 182; 187, Mot.), which the Court treats as a Motion for Reconsideration. Plaintiff asks the Court to reconsider its January 15, 2019 order (Doc. 177) granting summary judgment in favor of Defendant. The Court's Order came after the Ninth Circuit's decision in *Zabriskie v. Federal National Mortgage Association*, 912 F.3d 1192 (9th Cir. 2019), which—contrary to Plaintiff's argument—is controlling in this case.

**I.  LEGAL STANDARD**

The Court has discretion to reconsider and vacate a prior order. *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994). Motions for reconsideration are generally disfavored, however, and should be granted only in rare circumstances. *See Ross v. Arpaio*, No. CV 05-4177-PHX-MHM (ECV), 2008 WL 1776502, at *2 (D. Ariz. Apr. 15, 2008) (citing *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995)). Disagreement with an order is an insufficient basis for reconsideration. *See id.* (citing *Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988)). Further, "[a] motion for

reconsideration is not an appropriate time to raise new legal arguments." *Schurz v. Schriro*, No. CV-97-580-PHX-EHC, 2006 WL 89933, at *20 (D. Ariz. Jan. 11, 2006). Reconsideration is only appropriate if: (1) the court is presented with newly discovered, previously unavailable evidence; (2) the court committed a clear error of law and the initial decision was manifestly unjust; or (3) there has been an intervening change in controlling law. *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc*., 5 F.3d 1255, 1263 (9th Cir. 1993).

## II. ANALYSIS

Plaintiff argues that the Court committed manifest errors of law in its January 15, 2019 Order. (Mot. at 4.) In that Order, the Court acknowledged the Ninth Circuit's ruling that Defendant is not a credit reporting agency ("CRA") and therefore is not subject to the Federal Credit Reporting Act ("FCRA"). (Doc. 177.) As the Court reads that case, Defendant does not somehow become a CRA when lenders use its automated underwriting system known as Desktop Underwriter ("DU"). And that factual scenario is the same one that Plaintiff presents to the Court now.

Nevertheless, Plaintiff argues that the evidence in this case is meaningfully different and more dispositive than the evidence presented in *Zabriskie*, therefore requiring the Court to deny Defendant's Motion for Summary Judgment. (Mot. at 4–8.) Plaintiff further argues that the Court failed to view the evidence in the light most favorable to Plaintiff, who was the non-moving party. (Mot. at 8–10.) Both arguments fail in the face of the Ninth Circuit's decision and its application to this case.

While it is true that Plaintiff provided evidence apparently not present in the record in *Zabriskie*, none of it convinces the Court that there is a genuine dispute of material fact about whether Defendant is a CRA. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986) (requiring a court to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact."). Rather, the Ninth Circuit's holding, reached under nearly identical factual circumstances as the case before the Court today, precludes the argument that Defendant is a CRA. The additional evidence in Plaintiff's case,

1 | "including factual admissions by high level Fannie Mae employees regarding its assembly and evaluation of consumer information," does not change the fact that, as a matter of law, the Ninth Circuit defined Defendant's role as "merely provid[ing] software that allows lenders to assemble or evaluate" consumer information. *Zabriskie*, 912 F.3d at 1196. The subjective beliefs of Defendant's employees could go only to the question of whether Defendant violated the FCRA willfully or negligently. And because the Ninth Circuit held that Defendant is not a CRA and therefore is not subject to the FCRA, the Court never reaches the issue of whether any alleged violation was willful or negligent.

Plaintiff goes on to explain the differences between DU and the process "undertaken by a lender which chooses to manually underwrite a loan according to the rules set forth in the Selling Guide." (Mot. at 6.) But this distinction is immaterial because in *Zabriskie*, the Ninth Circuit addressed lenders who use the DU software—not those who choose to manually underwrite using the Selling Guide. *Zabriskie*, 912 F.3d at 1196 ("a number of lenders used DU to ascertain whether a loan to [the Zabriskies] would be eligible for purchase by Fannie Mae."). Thus, the Court is unsure what Plaintiff hopes to prove by again explaining the difference between the two processes when both cases deal with lenders' use of DU.

Even construing the evidence in the light most favorable to Plaintiff, the Court is bound by the Ninth Circuit's precedent. As explained above, most of Plaintiff's evidence speaks to whether or not Defendant could have violated the FCRA willfully or negligently. Given the clear precedent set by the Ninth Circuit, which the Court is bound to follow, any dispute about a violation of the FCRA is moot because, as a matter of law, Defendant is not a CRA.

. . . .
. . . .
. . . .
. . . .

### III. CONCLUSION

Plaintiff has failed to show that the Court committed manifest error in its January 15, 2019 Order. Thus, the Court will not grant Plaintiff's Motion for Reconsideration (Doc. 182).

**IT IS THEREFORE ORDERED** denying Plaintiff's Motion to Alter or Amend the Judgment (Docs. 182; 187).

Dated this 21st day of February, 2019.

*/s/ John J. Tuchi*
Honorable John J. Tuchi
United States District Judge